IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CR-20-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| DAVON KELLEY BENNETT | ) | |

This matter is before the Court on defendant's renewed motion for judgment of acquittal. [DE 70]. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

On April 12, 2016, defendant was charged in a superseding indictment with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 100 grams or more of heroin, and a quantity of marijuana in violation of 21 U.S.C. § 841(b)(1)(A) (count 1); possession with intent to distribute 500 grams or more of cocaine, 100 grams or more of heroin, and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) (count 2); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count 3); and money laundering by concealment in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (count 4). [DE 36].

Defendant was tried before a jury in the United States District Court for the Eastern District of North Carolina in Elizabeth City, North Carolina from October 18–20, 2016. The undersigned presided over defendant's trial. Defendant moved for judgment of acquittal of all four counts after closing arguments, but prior to instructing the jury on the law, which the Court denied as to the first three counts. The court reserved a decision with respect to count four. That same day the jury began deliberations and reached a verdict in which it found defendant guilty of

all four counts in the superseding indictment.[1] The jury was then polled and released from service.

On October 25, 2016, defendant filed the instant renewed motion for judgment of acquittal on counts 3 and 4.

## DISCUSSION

With respect to a post-verdict motion for judgment of acquittal, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c). The verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Villarini*, 238 F.3d 530, 532 (4th Cir. 2001) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)) (internal quotations omitted). Substantial evidence is evidence that "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Alerre*, 430 F.3d 681, 693 (4th Cir. 2005) (citing *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996)) (internal quotations omitted). The government is granted "the benefit of all reasonable inferences from the facts proven to those sought to be established" and the defendant "must carry an imposing burden to successfully challenge the sufficiency of the evidence." *United States v. Martin*, 523 F.3d 281, 288 (4th Cir. 2008) (citing *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

*Count 3 – Possession of a firearm in furtherance of a drug trafficking crime*

The Government bears the burden "to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Perry*,

---

[1] The jury rendered a special verdict specifically finding defendant did not conspire to distribute or possess with intent to distribute crack cocaine.

2

560 F.3d 246, 254 (4th Cir. 2009) The mere accidental or coincidental presence of a firearm at the scene of a drug trafficking offense is insufficient to establish that it was possessed in furtherance of the drug offense. *United States v. Sullivan*, 455 F.3d 248, 260 (4th Cir. 2006).

The evidence at trial showed that drugs, drug proceeds and three firearms were found throughout the defendant's residence. A loaded Smith & Wesson .40 caliber pistol was in a bedroom and under a mattress alongside $5,369 and within several feet of the $4,590 found in the defendant's pants. A loaded Hi Point rifle and a loaded Calico Liberty rifle were also both found in the same bedroom and also within close proximity of a substantial amount of cash. Within the same residence of these firearms, officers also located $81,047, which the defendant admitted after his arrest was going to be used to buy marijuana. Officers also located marijuana packaged for distribution, loose marijuana, and substantial amounts of currency throughout the defendant's residence. Additionally, an unloaded Taurus revolver was found in the hidden compartment of a Honda Odyssey parked on defendant's property. In that same compartment was found 3,005 grams of cocaine, 789 grams of heroin and $60,100. The currency was packaged in the same manner as some of the currency found in the washing machine inside the defendant's home. Evidence presented at trial demonstrated that the defendant used his residence and the hidden compartments of these vehicles to store firearms, drugs, drug proceeds, and conduct the sale of drugs. This evidence of the defendant's drug activity, the proximity of the firearms to drugs and cash, their ready accessibility, and the fact that all but one were loaded, all support the conclusion that the presence of these weapons was not merely coincidental but that they were used in furtherance of the defendant's drug trafficking enterprise. Consequently, there was substantial evidence to support the verdict finding the defendant guilty of possession of a firearm in furtherance of a drug trafficking crime.

3

*Count 4 – Money laundering by concealment*

Pursuant to 18 U.S.C. § 1956(a)(1)(B)(i), it is a crime to conduct or attempt to conduct a financial transaction which involves the proceeds of unlawful activity knowing that the transaction is designed to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of that unlawful activity. The government must demonstrate that the transaction had at least a minimal effect on interstate commerce or involving the use of a financial institution which is engaged in, or the activities of which have at least a minimal effect on, interstate or foreign commerce. *United States v. Peay*, 972 F.2d 71, 75 (4th Cir. 1992).

The evidence at trial demonstrated that defendant was generating large sums of illegal drug proceeds by selling marijuana and multiple kilograms of cocaine weekly. While defendant did engage in other licit business activities, there was evidence in the form of testimony of Gevon Owens that would allow the jury to infer that these business activities did not produce legitimate income. The evidence also demonstrated that the defendant filed no federal income tax returns for the years ending 2007 through 2014, and that the defendant reported no legitimate income to the IRS during 2012, the year in which he purchased the Toyota Sienna van which he registered in his neighbor's name. There was, therefore, sufficient evidence for the jury to conclude that the $9,000 cash payment issued by the defendant to purchase the Toyota Sienna van were proceeds of the defendant's illegal drug business and that this transaction was conducted to conceal the nature and source of those proceeds.

There was also evidence at trial sufficient to demonstrate that the transaction affected interstate commerce. IRS Agent Doug Miller testified that he received the certified title package for the Toyota Sienna van from the N.C. Department of Motor Vehicles which indicated when the Toyota Sienna van entered North Carolina. The title package showed that the Toyota Sienna

4

van was received by Stevenson Toyota located at 2325 North Marine Blvd., Jacksonville, N.C., from Southeast Toyota Distributors, LLC, located in Deerfield Beach, FL, on or about September 14, 2004. Therefore, there was evidence sufficient to show that the Toyota Sienna van traveled in interstate commerce and that the defendant's transaction had at least a minimal effect on interstate commerce.

Therefore, when viewing the evidence in the light most favorable to the government, a rational trier of fact could have found defendant guilty beyond a reasonable doubt of possession of a firearm in furtherance of a drug trafficking crime and money laundering by concealment. A judgment of acquittal, therefore, is not warranted.

## CONCLUSION

In light of the foregoing, defendant's renewed motion for judgment of acquittal [DE 70] is DENIED.

SO ORDERED, this __17__ day of November, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5