IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 2:15-CR-20-D
No. 2:20-CV-37-D

| | |
|---|---|
| DAVON KELLY BENNETT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On June 15, 2020, Davon Kelly Bennett ("Bennett" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, correct, or set aside his conviction and 300-month sentence [D.E. 119]. On August 20, 2021, the United States moved to dismiss Bennett's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and filed a memorandum in support [D.E. 128, 129]. On August 23, 2021, the court notified Bennett of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 130]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On September 23, 2021, Bennett responded in opposition to the government's motion [D.E. 131]. On October 22, 2021, Bennett's case was reassigned to the undersigned [D.E. 132]. As explained below, the court grants in part the United States' motion to dismiss and dismisses in part Bennett's section 2255 petition.

I.

On April 12, 2016, a grand jury indicted Bennett for conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, 280 grams or more of cocaine base (crack), 100 grams or more of heroin, and a quantity of marijuana in violation of 21 U.S.C. § 846 (count

one); possession with the intent to distribute 500 grams or more of cocaine, 100 grams or more of heroin, and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) (count two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count three); and laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (count four). See [D.E. 36]. Bennett pleaded not guilty and proceeded to trial. See Arraignment [D.E. 61]; Trial Tr. [D.E. 80–82]. On October 20, 2016, a jury convicted Bennett of all four counts of the indictment, except that they did not find Bennett responsible for any crack cocaine. See Verdict [D.E. 65].

On April 25, 2017, the court held Bennett's sentencing hearing. See [D.E. 91, 93]; Sentencing Tr. [D.E. 106]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and resolved Bennett's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. at 3–22; PSR [D.E. 85]. The court calculated Bennett's offense level to be 36, his criminal history category to be II, and his advisory guideline range to be 210 to 262 months' imprisonment each on counts one, two, and four, with a mandatory consecutive sentence of five years on count three. See Sentencing Tr. at 12–13. After thoroughly considering the arguments of counsel, the court sentenced Bennett to 240 months' imprisonment on counts one, two, and four to run concurrently, and 60 months' consecutive imprisonment on count three. See id. at 13–22; [D.E. 93]. Bennett appealed. See [D.E. 97]. On June 20, 2018, the United States Court of Appeals for the Fourth Circuit affirmed Bennett's convictions. See United States v. Bennett, 738 F. App'x 140 (4th Cir. 2018) (per curiam) (unpublished).

In his motion to vacate, Bennett alleges ineffective assistance of counsel before trial, during his sentencing hearing, and on appeal based on counsel's failure to: (1) object to the court's use of

2

the acquitted drug quantity as relevant conduct in determining Bennett's base offense level;[1] (2) raise the issue of unwarranted sentencing disparities; (3) appeal the "Government['s] fail[ure] to prove that... Bennett knew he possessed a firearm and that he knew he belong[ed] to the relevant category of persons barred from possessing a firearm" (citing Rehaif v. United States, 139 S. Ct. 2191 (2019)); and (4) "present or negotiate a plea agreement from the Government for a lesser sentence." Mot. Vacate [D.E. 119] 4–8 (cleaned up); see Mem. Supp. Mot. Vacate [D.E. 119-1] 2–9.

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In

---

[1] Bennett also appears to argue that counsel performed deficiently by failing to object to the court's imposition of a two-level enhancement on count four for Bennett's leadership role. See Mem. Supp. Mot. Vacate [D.E. 119-1] 5–6; PSR ¶ 76. Counsel did object to this enhancement at the sentencing hearing but did not raise it on appeal. Compare Sentencing Tr. at 5 with Mot. Vacate at 2 and Appellant's Initial Br., United States v. Bennett, No. 17-4265, 2017 WL 3276760, at *1–2 (4th Cir. July 27, 2017).

3

reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong

4

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

A.

Grounds one and two argue ineffective assistance of counsel resulting in an unfavorable sentence. As for the court's use of the acquitted drug quantity as relevant conduct in determining Bennett's base offense level, "a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009) (citing United States v. Watts, 519 U.S. 148, 157 (1997); United States v. Jones, 31 F.3d 1304, 1316 (4th Cir.1994)); see United States v. Davis, 918 F.3d 397, 405 (4th Cir. 2019). There was ample evidence in the record supporting the court's determination. See Sentencing Tr. at 7–9, 12–13; PSR ¶ 34. The Supreme Court's holding in Nelson v. Colorado, 137 S. Ct. 1249 (2017), does not alter this conclusion. See United States v. Rhodes, 789 F. App'x 366, 367 (4th Cir. 2019) (per curiam) (unpublished); Walker v. United States, No. 3:13-CR-00187-01, 2019 WL 4386742, at *2–3 (S.D.W. Va. Aug. 22, 2019) (unpublished), report and recommendation adopted, 2019 WL 4389037 (S.D.W. Va. Sept. 12, 2019) (unpublished); Rojas-Olivera v. United States, No. CV 1:18-2258-JFA-SVH, 2018 WL 8262536, at *2 & n.3 (D.S.C. Aug. 27, 2018) (unpublished), report and recommendation adopted, 2019 WL 1578209 (D.S.C. Apr. 12, 2019) (unpublished).

As for Bennett's challenge to counsel's alleged failure to raise the issue of unwarranted sentencing disparities, the record belies this claim. See Deft.'s Sentencing Mem. [D.E. 90] 6–7; Sentencing Tr. at 18–19. To the extent Bennett argues counsel failed to object to the court's

5

imposition of a two-level enhancement on count four for Bennett's leadership role, the claim fails. Bennett's counsel did object to the leadership enhancement. See PSR at 18–19; Sentencing Tr. at 5. And ample evidence in the record supported the enhancement. See Trial Tr. [D.E. 81] 177–184. Moreover, a petitioner generally may not use section 2255 to challenge the calculation of his advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999).

Alternatively, Bennett has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability exists that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Considering the entire record, Bennett has not plausibly alleged that counsel could have done something differently to obtain a different sentence. On the contrary, counsel performed ably. Before the sentencing hearing, counsel filed objections to the PSR, and he submitted a sentencing memorandum on Bennett's behalf that thoroughly addressed the section 3553(a) sentencing factors. See PSR at 18–21; [D.E. 90]. Bennett's counsel also gathered and submitted character letters. See [D.E. 90-1]. Counsel's performance reflected substantial preparation and tactical decisionmaking. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (stating defense counsel does not perform deficiently by failing "to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success"); Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

6

Accordingly, Bennett's claims in grounds one and two fail.

Alternatively, although cloaked as an ineffective assistance claim, Bennett really claims the court erred concerning Bennett's base offense level and the leadership enhancement. Stated differently, Bennett argues the court miscalculated his advisory guideline range. Bennett, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., Foote, 784 F.3d at 935–36; Pregent, 190 F.3d at 283–84. Thus, the first and second claims fail.

B.

Bennett argues he received ineffective assistance of appellate counsel based on counsel's failure to appeal his conviction on count three in light of Rehaif v. United States, 139 S. Ct. 2191 (2019).[2] The court "presume[s] that appellate counsel [correctly] decided which issues were most likely to afford relief on appeal." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014) (quotation omitted); see Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). "Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit." Mason, 774 F.3d at 828–29 (quotation omitted); see United States v. Allmendinger, 894 F.3d 121, 126 (4th Cir. 2018); Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008). Instead, an attorney provides ineffective assistance "only when ignored issues are clearly stronger than those presented." Mason, 774 F.3d at 829 (quotation omitted); see Smith v. Robbins, 528 U.S. 259, 288 (2000); Allmendinger, 894 F.3d at 126.

Rehaif does not apply to Bennett's conviction for possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). See McKenith v. United States, No. 7:14-CR-26-D, 2021 WL 4527243, at *3 (E.D.N.C. Oct. 4, 2021) (unpublished); Perkins v.

---

[2] At trial, counsel moved to dismiss and for acquittal on this count, which the court denied. Trial Tr. [D.E. 81] 196–200.

7

Dobbs, No. 2:20-cv-03491-JMC-MGB, 2021 WL 1725100, at *5 (D.S.C. Mar. 26, 2021) (unpublished), report and recommendation adopted, 2021 WL 1723513 (D.S.C. Apr. 30, 2021) (unpublished). In any event, the government presented ample evidence at trial to sustain Bennett's conviction on count three. See Trial Tr. [D.E. 80] 36–98; cf. Greer v. United States, 141 S. Ct. 2090, 2097–98 (2021); Bousley v. United States, 523 U.S. 614, 618–19 (1998). Accordingly, Bennett's third claim fails.

C.

Bennett argues that counsel failed to advise him of the benefits he could have received by accepting a plea deal. In a sworn affidavit attached to his motion, Bennett states that counsel "failed to inform, present, or negotiate a lesser sentence plea agreement from the Government for [Bennett] to consider to avoid going to trial" and "failed to inform [Bennett of] any of the benefits . . . that [Bennett] could receive if [he elected to] plead guilty and not proceed to trial." Pet'r Aff. [D.E. 119-2] 1 (cleaned up); see Mem. Supp. Mot. Vacate [D.E. 119-1] 7–8. Instead, Bennett states that counsel "informed [Bennett] that the evidence in [his] case is weak and that there is a strong possibility of getting a not guilty verdict from the jury." Pet'r Aff. [D.E. 119-2] 1 (cleaned up); see Mem. Supp. Mot. Vacate [D.E. 119-1] 7–8. However, Bennett, who was "ignorant of plea agreements [and] federal law . . . . told Counsel . . . numerous times that [he] did not want to go to trial" and would have elected to plead guilty to receive a lesser sentence. Pet'r Aff. [D.E. 119-2] 1–2. The government cites a statement by counsel during the sentencing hearing indicating that "there was discussions of a possible plea prior to trial. But the plea would have included a guideline range that was actually in excess of what the Court just found." Sentencing Tr. at 16; see Gov't's Mem. Supp. Mot. Dismiss [D.E. 129] 11.

Bennett has stated a claim. See Lafler, 566 U.S. at 172–74; Mayhew, 995 F.3d at 178–79. The court directs Magistrate Judge Jones to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. The court requests Judge Jones to assess Bennett's credibility at the hearing. If Judge Jones determines that Bennett committed perjury at the hearing concerning his discussions with his former counsel concerning plea negotiations, the memorandum and recommendation should so state.

## III.

In sum, the court GRANTS IN PART respondent's motion to dismiss [D.E. 128] and DISMISSES IN PART petitioner's motion at [D.E. 119]. The court dismisses petitioner's ineffective assistance claims concerning counsel's performance at petitioner's sentencing hearing and on appeal. However, the court permits petitioner's claim that counsel failed to properly consult with him concerning a plea agreement. The court REFERS petitioner's remaining claim to Judge Jones for a prompt evidentiary hearing and a memorandum and recommendation.

SO ORDERED. This 10 day of February, 2022.

JAMES C. DEVER III
United States District Judge