IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:15-CR-20-D
No. 2:20-CV-37-D

| | |
|---|---|
| DAVON KELLY BENNETT, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on the Government's motion to allow its witness, Patrick Megaro, to participate via video teleconference technology ("VTC") in the May 24, 2022 evidentiary hearing on Petitioner's claim that his counsel failed to advise him of the benefits he could have received by accepting a plea deal. [DE-142]. Mr. Megaro, a resident of Florida, was retained by Petitioner to represent him in the underlying criminal case, [DE-15], and he did so through a jury trial and sentencing. The Government moves to allow Mr. Megaro to appear at the § 2255 hearing via VTC because Megaro has a hearing in Florida in the afternoon before the hearing in this case, there are no direct flights from Orlando to Wilmington and the drive is nine hours each way, and Megaro is helping to care for his son who is recovering from a recent surgery and requires physical assistance with basic needs for the next month or so. [DE-142]. Petitioner opposes the motion because the claim at issue in the evidentiary hearing will turn on the competing testimony of Mr. Megaro and Petitioner, and credibility is better judged in person. [DE-143]. Petitioner adds that he would not object to postponing the hearing to a date when Mr. Megaro can

attend in person. *Id.* The Government in reply argues that the factors a court uses in assessing credibility can be readily observed via video technology. [DE-144].

This court has utilized VTC at numerous hearings over the past two years, and its experience has rarely been without complication. Connectivity is not infrequently interrupted causing a myriad of problems and at times even requiring a hearing to be rescheduled. It is the court's strong preference that hearings, and in particular evidentiary hearings, be conducted in person. Mr. Megaro, although a resident of Florida, chose to represent Petitioner in his criminal case in this district, and the court will require him to be physically present in the courtroom to testify at the evidentiary hearing. Notwithstanding, the court finds good cause to continue the evidentiary hearing to allow for Mr. Megaro to attend to his important familial duties. Counsel shall confer and file a notice within fourteen days with three mutually agreeable proposed dates for the hearing.

SO ORDERED, this the 11th day of May, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge