IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 2:15-CR-20-D
No. 2:20-CV-37-D

| | |
|---|---|
| DAVON KELLY BENNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 15, 2020, Davon Kelly Bennett ("Bennett" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, correct, or set aside his conviction and 300-month sentence [D.E. 119]. On August 20, 2021, the United States moved to dismiss Bennett's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and filed a memorandum in support [D.E. 128, 129]. On September 23, 2021, Bennett responded in opposition to the government's motion [D.E. 131]. On October 22, 2021, Bennett's case was reassigned to the undersigned [D.E. 132]. On February 10, 2022, the court dismissed Bennett's claims except his ineffective assistance of counsel claim concerning defense counsel's alleged failure to consult properly with Bennett concerning a plea agreement [D.E. 134]. The court referred the matter to United States Magistrate Judge Jones to hold an evidentiary hearing on Bennett's remaining claim and to issue a memorandum and recommendation. See id.

On October 14, 2022, Judge Jones held an evidentiary hearing. See Tr. [D.E. 164]. On January 3, 2023, Judge Jones issued a comprehensive M&R [D.E. 166]. In that M&R, Judge Jones recommended that the court deny Bennett's ineffective assistance of counsel claim. See id. at 14–18.

On January 17, 2023, Bennett objected to the M&R [D.E. 167].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the entire record, including the M&R, the transcripts, the briefs, and the objections. First, Bennett objects that his testimony established that his counsel was ineffective by failing to advise him of the benefits that he could have received by accepting a plea agreement with the government. See [D.E. 167]. Second, Bennett objects to the finding that his counsel reviewed the non-cooperation plea agreement with him "page by page." See id.

The court agrees with the findings and conclusions in the M&R and overrules the objections. Thus, the court adopts the M&R and overrules Bennett's objections.

After reviewing the claims presented in Bennett's motion, the court finds that reasonable jurists would not find the court's treatment of Bennett's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 166], OVERRULES petitioner's objections [D.E. 167], and DISMISSES petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 119]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 10 day of February, 2023.

_signature: A. Dever_
JAMES C. DEVER III
United States District Judge

3

Case 2:15-cr-00020-D-RJ   Document 168   Filed 02/10/23   Page 3 of 3